John D. Bennett, S.
This is a proceeding for tbe settlement of accounts and for a construction of two articles of tbe will. Tbe matter of tbe construction of article Seventh of tbe will was presented separately at a bearing on June 24, 1959, and memoranda bave been filed by tbe attorneys for tbe parties and tbe special guardian. Tbis decision is solely on tbe construction of that article.
At tbe bearing tbe court received certain extrinsic evidence over objection of tbe special guardian, reserving decision as to tbe admissibility of sucb testimony. Tbe court bas determined to consider sucb testimony and overrules the objection of the special guardian, allowing him bis exception.
*433 Article Seventh of the will reads as follows: “ If at the time of my death there shall be any indebtedness owing to me from any member of my family, including my sons-in-law and the husbands of my deceased daughters, according to my books of account or otherwise, I hereby cancel and forgive the same in full and I direct that the same be cancelled on my books of account and other records.”
The decedent set up trusts for various members of his family and acted as trustee of such trusts. Some of these trusts were continued by the beneficiaries thereof, retaining the deceased as trustee of the funds. Two of such groups of trusts are involved in this construction. One was for Frances K. Wood (formerly Frances K. Keresey) hereinafter called the Wood trusts and the other was originally for Cornelius Florman’s mother and thereafter continued by Cornelius Florman, hereinafter called the Florman trust.
At various times the decedent advanced his personal moneys to these various trusts and at his death the Wood trusts owed the decedent $106,087.23 and the Florman trust $11,954.43. The question presented for determination is whether article Seventh of the will forgives and cancels the indebtedness of these trusts to the decedent.
The successor executor takes no position on the matter of construction. It points out that if article Seventh is held not to apply to trust indebtedness, the Wood and Florman trusts will have to reimburse the estate, which will impose a hardship on the beneficiaries of these trusts. If that article is held to include trust indebtedness, the residuary estate will lose some $118,000 which will affect the interests of the residuary legatees, cestui que trust, and remaindermen.
The attorneys for Frances K. Wood and Cornelius F. Florman argue that the trusts were merely a device by which the decedent provided for his children and that the court should disregard the trust entity and hold that the trust indebtedness is, in fact, indebtedness owing from members of the family and is forgiven by article Seventh.
The special guardian contends that the trusts are separate entities from the members of the family and in the absence of any clear forgiveness of that trust indebtedness, article Seventh does not apply to such debts.
Both positions are supported by logical arguments and the extrinsic evidence presented does not appear controlling as to which interpretation should be given to article Seventh. The testator may have intended to forgive only personal debts or both personal and trust debts. In this situation the court can *434 only search out those factors which make one interpretation more probable than the other.
The deceased was a graduate of the Law College of the University of Michigan and practiced law in Montana where he was one of the leading members of the Butte Bar. He was a person familiar with legal terms and concepts and would understand the nature of a trust. This is shown by family records, Exhibit “A”, in which the deceased had accounts showing charges by himself personally against himself as trustee of the various trusts. There is no doubt that the decedent clearly distinguished between himself in his individual capacity and as trustee even in his interfamily accounts. Since he was aware of the different entity of the individual and the trust, it would seem that article Seventh of the will would have made some reference to trust indebtedness if the testator had intended to include such indebtedness in the cancellation and forgiveness of debts therein provided.
The court construes article Seventh of the will to apply to indebtedness of the members of the family individually only and that said article does not cancel and forgive any indebtedness due the decedent from the trusts in which he acted as trustee. The $106,087.23 indebtedness of the Wood trust and the $11,954.43 indebtedness of the Florman trust were not cancelled and forgiven by article Seventh of the will.
This construction may be embodied in the decree settling the account herein'or in a separate order settled on five days’ notice as counsel may desire.